

# LAW OFFICES OF LAURIE E. MORRISON

March 20, 2018

100 Church Street, 8th Floor   28 Valley Road, Suite #1
New York, New York 10007      Montclair, New Jersey 07042

Phone: (212) 721-4051
Cell: (646) 457-8347
morrison@lemorrisonlaw.com

**VIA ECF**

Hon. Jesse M. Furman, United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Courtroom: 1105
Chambers Phone: (212) 805-0282; Deputy Phone: (212) 805-0282

**RE: Ciera Washington v. Walgreens et al**
**Civil Action No.: 17-cv-2393 (JMF)**

Dear Hon. Furman:

      Plaintiff writes to respectfully notify the Court of additional discovery that Defendants did not produce during the fact discovery time period. The extended fact discovery deadline was February 22, 2018. Defendants produced *some* discovery at 5:21pm <u>yesterday</u>. (*See Ref*. email attaching Defendants' Document Production, attached herein as <u>EXHIBIT H</u>). However, Defendants still have not produced other outstanding discovery. Apparently, Defendants' pattern of violating the Federal and the Local Civil Rules continues.

      As the Court is aware, the parties are already scheduled to appear for a teleconference at 2:15pm today regarding Defendants' failure to produce other critical discovery by the discovery deadline – *in addition* to that noted below.

      Defendants' still outstanding discovery includes, but not limited to, information related to complaints of discrimination, harassment and retaliation made against Defendants Germaine Allen and Vivian Ghobrial by other employees; information regarding Defendant Allen's criminal conviction for fraud related to his employment immediately before Defendants hired him; and information regarding Defendants firing Defendant Allen for "Theft or Fraud" and for complaints of sex/gender harassment.

      These outstanding documents were also demanded in Plaintiff's Document Requests, which were served on Defendants on September 13, 2017 – 6 months ago. However, Defendants did not produce them.

      Plaintiff was under the impression that Defendants had and/or would produce all of their outstanding discovery, so Plaintiff did not want to bother the Court with these additional issues. However, Defendants' incomplete submission yesterday left Plaintiff with no other choice.

LAW OFFICES OF LAURIE E. MORRISON
Hon. Jesse M. Furman
March 20, 2018
Page 2 of 5

1. <u>Defendants Have Not Produced Defendant Germaine Allen's Personnel Files, Including Documents Regarding Allen's Suspension And Firing For Fraud/Theft And For Sex/Gender Harassment</u>

Plaintiff's document requests demanded production of Defendant Allen's personnel file and other information, including documents related to disciplinary actions, firing, and complaints of discrimination, harassment and retaliation made by other employees. (*See e.g.*, excerpts from Plaintiff's Document Requests, attached herein as <u>EXHIBIT I</u>). Defendants received Plaintiff's document requests on September 13, 2017; However, Defendants did not produce *any* of the requested information.

Plaintiff deposed Defendant Germaine Allen on February 14th – almost 5 weeks ago. During his deposition, Defendant Allen testified that Defendants suspended and later fired him because of fraudulent/dishonest activities. Defendant Allen denied that any claims of unlawful harassment, discrimination or retaliation had been made against him by another employee – which turned out to be palpably false.

Plaintiff immediately demanded production of Defendant Allen's personnel file, of any and all investigations related to Defendant Allen's suspension and firing, and of any other related information. Plaintiff made her demand *5 weeks ago*. However, Defendants did not produce responsive information until *yesterday*.

Defendants' production included a 5-page document showing that Defendant Allen was fired for "Theft or Fraud" and that a co-worker charged him with sex/gender harassment. (*See Ref.* excerpt from investigation summary, included in <u>EXHIBIT H</u>). The document also stated that there were witness statements, complaints of sex/gender harassment, investigative notes, video recordings and other information related to Defendant Allen's unlawful activities. However, Defendants still have not produced *any* of that information.

   a) <u>Complaints Of Defendant Allen's Unlawful Activities By Other Employees Is Discoverable</u>

As the Court may recall, Plaintiff charges that, *inter alia*, Defendants discriminated against, harassed and retaliated against her because of her race, ethnicity, color, sex, gender, disabilities, medical leaves, and legally protected complaints. Therefore, complaints of such unlawful activities made against Defendants by other employees is critical to Plaintiff's case in chief and is discoverable. *See e.g.*, <u>Hollander v. American Cyanimid, Co.</u>, 895 F.2d 80, 84-85 (2d Cir. 1990) (records of prior complainants are relevant to detect an employer's motives and possible patterns which could help prove a plaintiff's case under the <u>McDonnell Douglas</u> framework); <u>Moll v. Telesector Resources Group, Inc.</u>, 760 F.3d 198, 204 (2d Cir.

2014) ("Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive"); Cruz v. Coach Stores. Inc., 202 F.3d 560, 570-71 (2d Cir. 2000) ("because the crucial inquiry focuses on the nature of the workplace environment as a whole, derogatory comments against persons other than the plaintiff are relevant to support her claim."); Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2d Cir. 1997) ("offensive remarks or behavior [need not] be directed at individuals who are members of the plaintiff's own protected class."). *See also*, Rifkinson v. CBS, 1997 U.S. Dist. LEXIS 15865, at *7 (S.D.N.Y. Oct. 14, 1997) ("Courts have routinely admitted evidence of past acts of discrimination as proof of discriminatory intent"); Chan v. NYU Downtown Hospital, 2004 U.S. Dist. LEXIS 16751 (S.D.N.Y. 2004) (ordering discovery of complaints company-wide because circumstantial evidence showing alleged discriminatory treatment of co-workers is relevant and therefore discoverable); Governale v. Airborne Express, 1997 U.S. Dist. LEXIS 7562 at *20 (E.D.N.Y. May 6, 1997) (same); Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 71 (D. Conn. 2004) ("Evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case").

As the Second Circuit further noted, "employers are rarely so cooperative as to include a notation in the personnel file that their actions are motivated by factors expressly forbidden by law." Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994)(internal quotation marks omitted); *see also* Quinby v. WestLB AG, 2007 WL 1153994, at *6 (S.D.N.Y. April 19, 2007).  Accordingly, "'[w]here an employer acted with discriminatory intent, direct evidence of that intent will only rarely be available, so [evidence] must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination.'" Taddeo v. L.M. Berry & Co., 526 Fed. Appx. 121, 122 (2d Cir. 2013) (quoting Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010).

   b)   Defendants' Failure To Produce Discovery Precluded Plaintiff From Deposing Defendant Allen Regarding The Prior Complaints Made Against Him

Defendant Allen testified that he had not been involved in any claims of discrimination, retaliation or harassment, other than Plaintiff's. (Allen Dep. 169:6-170:17, attached herein EXHIBIT J). Defendant Allen also initially claimed that Defendants fired him for a "lack of work" and "[no] other circumstances." (Allen Dep. 40:3-14, EXHIBIT J).

The documents produced by Defendants yesterday directly bely Defendant Allen's claims. Had Defendants produced the outstanding discovery *5 months ago* in response to Plaintiff's document requests,

LAW OFFICES OF LAURIE E. MORRISON
Hon. Jesse M. Furman
March 20, 2018
Page 4 of 5

Plaintiff could have (and would have) deposed Defendant Allen regarding the complaints of unlawful harassment, discrimination and retaliation made against him.  However, Defendants' failure to produce the discovery precluded Plaintiff from doing so.

2. <u>Defendants Have Not Produced Files Regarding Defendant Germaine Allen's Criminal Conviction For Fraud/Dishonest Acts Related To His Previous Employment</u>

During his deposition, Defendant Allen admitted to a criminal conviction for fraud in connection with his employment immediately prior to Defendants Walgreens and Duane Reade hiring him.  Plaintiff demanded immediate production of those documents. This information is in Defendant Allen's possession, custody and control, and Defendants could easily produce it. However, Defendants still have not done so.

Rule 609(a)(2) of the Federal Rules of Evidence [Impeachment By Evidence Of Criminal Conviction] authorizes Plaintiff to use the conviction for a crime involving dishonesty or false statement to attack Defendant Allen's credibility-- regardless of possible prejudice to defendant. <u>United States v. Klein</u>, 438 F. Supp. 485 (S.D.N.Y. Sept. 30, 1977). "Rule 609 does not call for any balancing or probative value against prejudicial effect. <u>Id</u>., *citing* <u>United States v. Coats</u>, 652 F2d 1002 (D.C. Cir. Mar. 16, 1981). "The test of Rule 609(a)(2) is whether conviction bears directly on likelihood that defendant will testify truthfully at trial."  <u>Klein</u>, 438 F. Supp. 485.

Evidence related to Defendant Allen's lack of credibility is also critical to Plaintiff's case. Defendant Allen was one of Plaintiff's supervisors; he was involved in scheduling Plaintiff to open Defendants' store alone after her legally protected complaints (which resulted in Plaintiff being beaten and robbed at work); and Plaintiff charges that Defendant Allen was also involved in Defendants' harassment, discrimination and retaliation against her.  Defendants deny Plaintiff's claims; therefore, evidence of Defendant Allen's prior acts of fraud and dishonesty are critical to a credibility assessment.

Further, Defendant Allen already lied about prior claims of discrimination, harassment and retaliation made against him by another employee, and about the fraud underlying his firing by Defendants. (*See e.g.*, <u>EXHIBIT J</u>). Accordingly, information related to complaints of unlawful activities against Defendant Allen and information related to investigations and disciplinary actions taken against Defendant Allen regarding the same are highly pertinent to this case.

3. <u>Defendants Have Not Produced Defendant Vivian Ghobrial's Personnel Files, Including Documents Regarding Complaints of Discrimination and Retaliation Against Ghobrial Made By Other Employees</u>

Plaintiff's document requests further demanded production of Defendant Vivian Ghobrial's personnel file and other information, including documents related to complaints of discrimination, harassment and retaliation made by other employees. (*See e.g.,* EXHIBIT I).

Yesterday – almost *1 month after* the close of fact discovery -- Defendants produced a Complaint filed against Defendants and against Defendant Ghobrial charging race discrimination, harassment and retaliation by a former employee. (*See Ref.* email and excerpt from Complaint, collectively attached herein as EXHIBIT H).  However, Defendants provided nothing other than the Complaint and Answer; no EEOC Charges, investigative files, witness statements, discovery or other information related to that lawsuit.

Accordingly, Plaintiff respectfully requests that Defendants produce any and all outstanding discovery and that Defendants be sanctioned for failing to produce discovery, pursuant to Fed. R. Civ. P. 33 and 37, and pursuant to Local Civil Rule 26.4.  Defendants' pattern of discovery abuses significantly undermined the discovery process, and precluded Plaintiff from deposing witnesses regarding critical issues in this case. Plaintiff also seeks any further measures that the Court deems just and appropriate.


Respectfully Submitted,

Laurie E. Morrison, Esq.