# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CIERA WASHINGTON,                                         :
                                                          :
                        Plaintiff,              :
                                                          :    No. 17-cv-2393 (JMF)
                       -against-               :
                                                          :
WALGREENS; WALGREENS CO.; DUANE                           :
READE; DUANE READE INC., DUANE READE                      :
INTERNATIONAL, LLC; and Individually and                  :
Jointly, LUIS GUERRERO; GERMAINE ALLEN;                   :
VIVIAN GHOBRIAL; and CRYSTAL BECKRUM,                     :
                                                          :
                        Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE WALGREENS AND DUANE READE DEFENDANTS' COMBINED RESPONSES AND OBJECTIONS TO PLAINTIFF'S COMBINED FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of New York, Defendants Walgreens and Walgreen Co. (incorrectly named herein as Walgreens Co.) (collectively, the "Walgreens Defendants") and Defendants Duane Reade, Duane Reade Inc., and Duane Reade International, LLC (collectively, the "Duane Reade Defendants") by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby submit their combined responses and objections to the Combined First Set of Interrogatories and Requests for the Production to Defendants Walgreens and Walgreens Co. and the Combined First Set of Interrogatories and Requests for Production to Defendants Duane Reade; Duane Reade Inc.; and Duane Reade International, LLC (the "Combined Requests") by Plaintiff Ciera Washington ("Plaintiff").

16. By stating in these responses that the Walgreens and Duane Reade Defendants will produce documents responsive to specific requests, they do not represent that any particular document(s) actually exist, but only that they will make a good faith search in an attempt to ascertain whether responsive documents do, in fact, exist in their possession, custody and control.

17. The Walgreens and Duane Reade Defendants hereby declare that their responses to the Combined Requests are based on their present knowledge, information and belief, and are subject to amendment and supplementation as Defendants acquire additional documents and information and complete their review and analysis. Defendants reserve the right to use such documents at any trial, hearing or proceeding related to this action.

18. Each and every response to a document request or interrogatory is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular interrogatory is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

### RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person with knowledge concerning the subject matter of the instant lawsuit, including, but not limited to: (a) the allegations made in the Complaint and/or Amended Complaint, (b) the assertions made in Defendant(s)' Answer and/or Amended Answer, and/or (c) any affirmative defenses Defendants will allege or have alleged. Your response shall include a description of the sum and substance of each person's knowledge.

**RESPONSE TO INTERROGATORY NO. 1:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is

outside the scope of Local Rule 33.3. Subject to, and without waiving these objections, the Walgreens and Duane Reade Defendants respond: Ciera Washington, Luis Guerrero, Crystal Beckum, Vivian Ghobrial, Germaine Allen, Troy Hennessy, and Robert Petrarchi.

**INTERROGATORY NO. 2:** Identify each person (with dates) who was involved in any way (directly, indirectly, authorized, unauthorized, formal, informal) in supervising Plaintiff's work performance (directly or indirectly, formally or informally) at any time during Plaintiff's employment with Defendants. Your response shall include a description of the sum and substance of each person's involvement.

**RESPONSE TO INTERROGATORY NO. 2:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is outside the scope of Local Rule 33.3. Subject to, and without waiving these objections, the Walgreens and Duane Reade Defendants respond: Luis Guerrero, Germaine Allen, Crystal Beckum, and Robert Petrarchi.

**INTERROGATORY NO. 3:** Identify each person (with dates) who was involved in any way (directly, indirectly, authorized, unauthorized, formal, informal) in investigating or looking into the assault of Plaintiff and related robbery that occurred on Defendants' work premises on or around December, 2015. Your response shall include a description of the sum and substance of each person's involvement.

**RESPONSE TO INTERROGATORY NO. 3:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and it assumes facts not admitted nor otherwise established. The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is outside the scope of Local Rule 33.3. Subject to, and without waiving these objections, the Walgreens and Duane Reade Defendants respond: Robert Petrarchi.

**INTERROGATORY NO. 4:**  Identify each person (with dates) who was involved in any way (directly, indirectly, authorized, unauthorized, formal, informal) in investigating or looking into purported claims that Plaintiff was involved in the robbery that occurred on Defendants' work premises on or around December, 2015. Your response shall include a description of the sum and substance of each person's involvement.

**RESPONSE TO INTERROGATORY NO. 4:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and it assumes facts not admitted nor otherwise established.  The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is outside the scope of Local Rule 33.3.  Subject to, and without waiving these objections, the Walgreens and Duane Reade Defendants respond:  Defendants are not aware of any person who was involved in any way in investigating or looking into purported claims that Plaintiff was involved in the robbery that occurred on Defendants' work premises on or around December, 2015.

**INTERROGATORY NO. 5:**  Identify each person (with dates) who had knowledge (directly, indirectly, authorized, unauthorized, formal, informal) -- during Plaintiff's employment with Defendants -- of any of Plaintiff's complaints (formal or informal, verbal or written) of workplace discrimination, harassment, retaliation, disparate treatment, racist comments and/or conduct, sexist comments and/or conduct, derogatory comments and/or conduct related to race, ethnicity, national origin, sex, gender, disability, medical leave(s), and the like, including, but not limited to, complaints that Plaintiff was being called derogatory names at work and complaints that Plaintiff was being treated negatively because of her race, ethnicity, national origin, sex, gender, disabilities, and/or medical leave(s). Your response shall include a description of the sum and substance of each person's involvement.

**RESPONSE TO INTERROGATORY NO. 5:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and it assumes facts not admitted nor otherwise established.  The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is outside the scope of Local Rule 33.3.  Subject to, and without waiving these objections, the Walgreens and Duane Reade

8

Defendants respond:  Plaintiff did not make any complaints of workplace discrimination, harassment, retaliation, disparate treatment, racist comments and/or conduct, sexist comments and/or conduct, derogatory comments and/or conduct related to race, ethnicity, national origin, sex, gender, disability, or medical leave(s) at any time during her employment.

**INTERROGATORY NO. 6:**  Identify each person (with dates) who was involved in any way (directly, indirectly, authorized, unauthorized, formal, informal) in responding to Plaintiff's complaints of employment discrimination, harassment and/or retaliation -- during Plaintiff's employment with Defendants. Your response shall include a description of the sum and substance of each person's involvement.

**RESPONSE TO INTERROGATORY NO. 6:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and it assumes facts not admitted nor otherwise established.  The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is outside the scope of Local Rule 33.3.  Subject to, and without waiving these objections, the Walgreens and Duane Reade Defendants respond:  *see* the Walgreens and Duane Reade Defendants' response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**  Identify each person (with dates) who was involved in any way (directly, indirectly, authorized, unauthorized, formal, informal) in suspending Plaintiff from work on or around December, 2015. Your response shall include a description of the sum and substance of each person's involvement.

**RESPONSE TO INTERROGATORY NO. 7:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome.  The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is outside the scope of Local Rule 33.3.  Subject to, and without waiving these objections, the

Walgreens and Duane Reade Defendants respond: ==Troy Hennessy, Vivian Ghobrial, and Robert Petrarchi.==

**INTERROGATORY NO. 8:**  Identify each person (with dates) who was involved in any way (directly, indirectly, authorized, unauthorized, formal, informal) in the termination, separation and/or end of Plaintiff's employment or work relationship with Defendants. Your response shall include a description of the sum and substance of each person's involvement.

**RESPONSE TO INTERROGATORY NO. 8:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is outside the scope of Local Rule 33.3. Subject to, and without waiving these objections, the Walgreens and Duane Reade Defendants respond: ==Troy Hennessy, Vivian Ghobrial, and Robert Petrarchi.==

**INTERROGATORY NO. 9:**  Identify each person (with dates) who opened Defendants' store located at 568 West 125th Street alone (i.e., unaccompanied by another employee of Defendants) at any time from October, 2015 to and including January, 2016, other than Plaintiff.

**RESPONSE TO INTERROGATORY NO. 9:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. Subject to, and without waiving these objections, the Walgreens and Duane Reade Defendants respond: *see* the Walgreens and Duane Reade Defendants' Document Production # DR 000207-322.

==**INTERROGATORY NO. 10:**==  Identify each person (with dates) who was involved in any way (directly, indirectly, authorized, unauthorized, formal, informal) in scheduling Plaintiff's work shifts at any time during Plaintiff's employment or work relationship with Defendants. Your response shall include a description of the sum and substance of each person's involvement.

**RESPONSE TO INTERROGATORY NO. 10:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. Subject to, and without waiving these

objections, the Walgreens and Duane Reade Defendants respond: Carlos Mendez, Joel Greene, Luis Guerrero, Crystal Beckum, Miguel Brito, and Germaine Allen.

**INTERROGATORY NO. 11:**  Identify the existence, custodian, location and description of all documents and other physical evidence relevant or pertaining to or concerning the subject matter of the instant lawsuit, including, but not limited to, pertinent insurance agreements, any personal diaries, journals, e-mails, instant messages (IMs), social media information, telephone or personal digital assistant ("PDA") text messages or notes, notebooks, calendars, video records, voice mail messages, or audio recordings preserved by you, in your possession, custody or control or that you have maintained or had or have access to. This includes documents and other physical evidence relevant or pertaining to or concerning (a) Plaintiff, (b) the allegations made in the Complaint and/or the Amended Complaint, (c) the assertions made in Defendants' Answer(s) and/or Amended Answer(s), (d) any defenses Defendant will allege or have alleged, or (e) subject matter that otherwise pertains to or concerns the instant lawsuit.

**RESPONSE TO INTERROGATORY NO. 11:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome.  Subject to, and without waiving these objections, the Walgreens and Duane Reade Defendants respond: *see* the Walgreens and Duane Reade Defendants' Document Production pursuant to the Initial Protocols and the Walgreens and Duane Reade Defendants' Document Production enclosed herein.

**INTERROGATORY NO. 12:**  Identify any and all persons who had any involvement (directly or indirectly, formally or informally, authorized or unauthorized), other than defense counsel, in Defendants' responses to Plaintiff's Charge filed with the Equal Employment Opportunity Commission ("EEOC"), Charge No.: 520-2017-0509. Your response shall include a description of the sum and substance of each person's involvement.

**RESPONSE TO INTERROGATORY NO. 12:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and it assumes facts not admitted nor otherwise established.  The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is outside the scope of Local Rule 33.3.  The Walgreens and Duane Reade Defendants further object to this Interrogatory on the

11

grounds that it purports to seek information protected by attorney-client privilege or by the attorney work doctrine.

**INTERROGATORY NO. 13:** State whether the answers to these interrogatories are based solely upon the personal knowledge of the individual person signing the interrogatories. And, if the answer is other than an unqualified "yes," please identify:

a. each person on whose personal knowledge the answer to any interrogatory or any part of any interrogatory is based in whole or in part;

b. each document on which the answer to any interrogatory is based in whole or in part; and

c. identify which portion of the answer to such interrogatory is based upon a document or upon the personal knowledge of a person other than the person signing these interrogatories.

**RESPONSE TO INTERROGATORY NO. 13:**

The Walgreens and Duane Reade Defendants object to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and it assumes facts not admitted nor otherwise established. The Walgreens and Duane Reade Defendants further object to this Interrogatory on the grounds that it seeks information that is outside the scope of Local Rule 33.3.

The Walgreens and Duane Reade Defendants object to this Request on the grounds that it is vague, overly broad, unduly burdensome, duplicative, and it assumes facts not admitted nor otherwise established. Subject to, and without waiving, these objections or the foregoing General Objections, the Walgreens and Duane Reade Defendants respond: *see* the Walgreens and Duane Reade Defendants' Document Production.

Dated: New York, New York
October 13, 2017

          OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.

          By: /s / Nicole A. Welch
             Aaron Warshaw
             Nicole A. Welch
          1745 Broadway, 22nd Floor
          New York, New York 10019
          (212) 492-2500
          aaron.warshaw@ogletreedeakins.com
          nicole.welch@ogletreedeakins.com

          *Attorneys for the Walgreens and Duane Reade Defendants*